IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COVERTECH FABRICATING, INC., | ) | Case No. 3:17-cv-196 |
| | ) | |
| | ) | JUDGE KIM R. GIBSON |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TVM BUILDING PRODUCTS, INC.; TVM | ) | |
| INDUSTRIES, INC.; TVM FOAM SYSTEMS, INC.; | ) | |
| TVM INSULATION, INC.; TVM SEALANTS, | ) | |
| INC.; TVM MANUFACTURING, INC.; TVM | ) | |
| HOLDINGS USA, INC.; TVM HOLDINGS, INC.; | ) | |
| TVM CANADA, INC.; MITEX INTERNATIONAL, | ) | |
| INC.; MITEX BUILDING PRODUCTS, LLC; | ) | |
| MITEX FOAM SYSTEMS, LLC; MITEX | ) | |
| MANUFACTURING, LLC; MITEX GROUP, INC., | ) | |
| MICHAEL BOULDING, SEAN BOULDING, and | ) | |
| WILLIAM TROTTERS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Pending before the Court is Plaintiff Covertech Fabricating, Inc.'s Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 3.) The Court has reviewed Plaintiff's Motion (ECF No. 3), Plaintiff's Brief in Support thereof (ECF No. 4), and Plaintiff's Verified Complaint (ECF No. 1). Upon review of these submissions, the Court is persuaded that Plaintiff has met the high standard for obtaining a temporary restraining order ("TRO"). The Court will, therefore, enter a TRO—albeit without one of the conditions requested by Plaintiff—and set a hearing for Plaintiff's request for a preliminary injunction. For the reasons that follow, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**.

## II. Plaintiff Has Met the Heavy Burden of Rule 65(b)(1) to Merit the Grant of an *Ex Parte* TRO

Pursuant to Federal Rule of Civil Procedure 65(b)(1), a court may issue an *ex parte* TRO where (1) "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P.65(b)(1). Plaintiff has satisfied both of these requirements.

First, the facts, as set forth in the Verified Complaint (ECF No. 1), clearly show that immediate irreparable harm will result to Plaintiff before the adverse party can be heard in opposition. The Verified Complaint clearly demonstrates that Defendants are likely to transfer assets as soon as they learn about the present lawsuit—an action Defendants have previously taken when faced with the enforcement of this Court's judgment. Absent a TRO, Defendants would be free to immediately begin dissipating assets and moving assets beyond the reach of Plaintiff, potentially precluding Covertech from recovering millions of dollars owed to Covertech from a prior, unsatisfied judgment from this Court.

Second, as set forth by an affidavit filed by Plaintiff's counsel (ECF No. 4-1), Covertech has sought to provide Defendants with notice of the instant lawsuit and TRO Motion by various means, including sending the relevant court filing to the last known counsel of Defendants via e-mail and U.S. Mail and hiring a process server to attempt to effectuate service on each of the named Defendants.

Thus, upon reviewing the Verified Complaint, the exhibits thereto, and Plaintiff's Brief in Support of its Motion for Temporary Restraining Order and Preliminary Injunction, the Court finds that Plaintiff has satisfied both of the requirements of Rule 65(b)(1).

### III. Plaintiff Has Satisfied the Four-Part TRO Test

Beyond the requirements of Rule 65(b)(1) for issuing an *ex parte* TRO, a party seeking a TRO must also establish (1) a likelihood of success on the merits, (2) that denial of injunctive relief will result in irreparable harm, (3) that granting the temporary restraining order will not result in irreparable harm to the defendants, and (4) that granting the TRO is in the public interest. *See Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1997). The requirements for a temporary restraining order are the same as those for a preliminary injunction. *Saluck v. Rosner*, C.A. No. 98-5718, 2003 WL 559395, at *2 (E.D. Pa. Feb. 25, 2003). The Court finds that each of these four elements is satisfied.

First, the Court agrees with the argument and reasoning of Plaintiff's Brief (*see* ECF No. 4 at 9-19) and finds that the facts of the Verified Complaint establish more than a reasonable probability of success on the merits such that a TRO should issue. To establish a reasonable probability of success on the merits such that a TRO should issue, a "plaintiff need only prove a prima facie case, not a certainty that [it] will win." *Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 173 (3d Cir. 2001); *see also Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017) ("[The court does] not require at the preliminary stage a more-likely-than-not showing of success on the merits because a likelihood of success on the merits does not mean more likely than not.")

(internal quotation marks omitted). Plaintiff has met this burden with the allegations of the Verified Complaint for its asserted causes of action.[1]

Second, as discussed *supra*, the Court finds that the allegations of the Verified Complaint demonstrate that injunctive relief is necessary to prevent immediate and irreparable harm to Plaintiff. Namely, Plaintiff has, for the purposes of its Motion, sufficiently shown that, absent immediate injunctive relief, Defendants are likely to dissipate and deplete their assets such that Plaintiff is unable to collect on the judgment previously entered by this Court.[2] Plaintiff has alleged sufficiently that Defendants have previously performed evasive transfers to avoid the collection of the judgment in this case and will likely once again engage in such evasive conduct to dissipate assets and transfer them beyond the reach of Plaintiff such that Plaintiff's judgment would go unsatisfied. *See Gelfand v. Stone*, 727 F. Supp. 98, 102 (S.D. N.Y. 1989) (stating that injunctive relief is appropriate where the totality of circumstances indicate that the "past predilection for deceptive and fraudulent practices is likely to continue."). Thus, the Court finds that this significant threat of wrongful dissipation and transfer of assets to frustrate the collection of Plaintiff's judgment is sufficient demonstration of a likelihood of irreparable harm if injunctive relief is not granted.

---

[1] Moreover, even if Plaintiff failed to establish its likelihood of success on any of the nine counts of the Complaint, Plaintiff need only demonstrate a likelihood of success on the merits of a single claim—not all nine of its claims—in order to meet the requirements for the Court to grant a TRO. *See CBM Ministries of S. Cent. Pa., Inc. v. Pa. Dep't of Transp.*, Civ. A. No. 1:15-cv-2147, 2015 WL 7755666, at *5 n.2 (M.D. Pa. Dec. 2, 2015) ("[Plaintiff] need only demonstrate a reasonable likelihood of success on the merits of one claim."); *Newlife Homecare Inc. v. Express Scripts, Inc.*, No. 3:07-cv-761, 2007 WL 1314861, at *8-*9 (M.D. Pa. May 4, 2007) (granting preliminary injunction based on Plaintiff demonstrating the likelihood of success on only some of the claims).

[2] The Court notes that the present grant of a TRO is distinguishable from the situation in *Grupo Mexicano de Desarrollo, S.A. v. Alliance bond Fund, Inc.*, 527 U.S. 308 (1999) because, unlike in *Grupo*—in which the plaintiff sought a pre-judgment asset freeze and the plaintiff had no lien or interest in the assets in question—the present case features an existing judgment in which Plaintiff has a clear interest.

Third, the Court finds that the balance of harms clearly and strongly weighs in favor of Plaintiff. Defendants will not be harmed in any significant manner by the requested TRO. Defendants are enjoined only from asset transfers outside the ordinary course of business. Furthermore, if Defendants seek such a transfer, they may petition the Court to seek authorization. In contrast, if the Court denies Plaintiff's Motion, they may likely never be able to collect their two-year-old, multimillion-dollar judgment against Defendants. *See Berger v. Weinstein*, Civ. A. No. 98-5861, 2016 WL 1359459, at *8 (E.D. Pa. Apr. 6, 2016) ("The balance of the harms weighs in favor of granting an injunction. It has been years since the judgment was entered and Judgment Creditors have yet to see a dime. Despite [the defendant's] cries of poverty, the injunction that the Court will enter is not so broad as to place her family in financial peril."). In sum, Defendant's lawful and proper business and livelihood are scarcely harmed by the grant of TRO, but Plaintiff could likely lose upwards of $5.4 million in the form of an unsatisfied judgment.

Fourth, the grant of TRO in this case is clearly in the public interest. "The public has an interest in the enforcement of judgments." *State Farm Mut. Auto Ins. Co. v. Am. Rehab & Physical Therapy, Inc.*, 376 F. App'x 182, 184 (3d Cir. 2010). "The public interest will be furthered if judgment debtors are prohibited from frustrating the legal process, and judgment creditors are protected from having to expend endless resources to collect on their judgments." *Star Creations Inv. Co. v. Alan Amron Dev., Inc.*, No. Civ. A. 95-4328, 1995 WL 495126, at *20 (E.D. Pa. Aug. 18, 1995). In the present case, Plaintiff made numerous efforts to collect on it judgment to no avail. According to the well-pleaded allegations of the Verified Complaint, the Defendants have evaded and will likely continue to evade Plaintiff's recovery efforts through improper transfers of assets

to a complicated web of entities across the United States and Canada. The public interest certainly does not condone such evasive and fraudulent activities. To the contrary, the public interest strongly favors the enforcement of lawful judgments.

Therefore, the Court finds that all four elements are satisfied and necessitate the grant of a TRO in favor of Plaintiff.

## IV. An Asset Freeze as to Transfers Outside the Ordinary Course of Business is an Appropriate and Narrow Restriction

The Court's TRO shall freeze Defendants' assets except to allow for the operation of the company/corporation Defendants in the ordinary course of business and the payment of bills and ordinary living expenses by the individual Defendants. This asset freeze is appropriate to preserve the status quo and prevent the dissipation and diversion of assets. *See SEC v. Forte*, 598 F. Supp. 2d 689. 692 (E.D. Pa. 2009) (quoting *SEC v. Infinity Grp. Co.*, 212 F.3d 180, 197 (3d Cir. 2000)); *Johnson v. Couturier*, 572 F.3d 1067, 1085 (9th Cir. 2009) ("Such an individual is presumably more than capable of placing assets in his personal possession beyond the reach of a judgment. Accordingly, [defendant's] own prior conduct establishes a likelihood that in the absence of an asset freeze and accounting, Plaintiffs will not be able to recover the improperly diverted funds.").

This TRO prevents Defendants from funneling their assets through various entities to avoid collection of judgment by Plaintiff, as the Verified Complaint alleges Defendants have done previously.

## V. The Court Denies Plaintiff's Request for a Bi-Weekly Accounting at This Time

The Court denies Plaintiff's request for an order requiring Defendants to provide the Court and Plaintiff with a bi-weekly accounting of expenses paid in the ordinary course of

business or ordinary use to pay house expenses. This requirement would presumably require Defendants to incur at least some expenditure of time and money. Moreover, given the expedited nature of these proceedings, the pendency of the preliminary injunction hearing, and the Court's subsequent decision regarding Plaintiff's request for a preliminary injunction, the Court does not find an order requiring bi-weekly accounting in a TRO that may not exceed 14 days (unless extended for an additional period up to a maximum of 14 days) to be practical. *See* Fed. R. Civ. P. 65(b)(2). However, the Court will entertain argument on this issue at the preliminary injunction hearing and in regard to the Court's decision regarding a preliminary injunction.

## VI. Nominal Bond is Appropriate Security for this TRO

Defendants will suffer little, if any, damages if this TRO was entered wrongfully. Defendants may still operate in the ordinary course of business. Furthermore, Defendants must simply seek Court approval before making transfers of assets outside the ordinary course of business. Thus, pursuant to Rule 65(c), the Court will require only a nominal bond of $100. *See* Fed. R. Civ. P. 65(c); *N. Pa. Legal Servs., Inc. v. Lackawanna Cnty.*, 513 F. Supp. 678, 685-86 (M.D. Pa. 1981) (requiring nominal bond of $100); *Brookins v. Bonnell*, 362 F. Supp. 379, 380-81 (E.D. Pa. 1973) (requiring no bond).

## VII. Conclusion

The Court is satisfied that Defendants will likely seek to dissipate their assets in an effort to perpetually avoid the satisfaction of Plaintiff's two-year-old, multimillion-dollar judgment unless the Court enters a TRO.

With the exception of their request for bi-weekly accountings, Plaintiffs have established all of the requirements of Rule 65 and the relevant case law. Consequently, with the exception of

their request for bi-weekly accountings Plaintiff Covertech Fabricating, Inc.'s Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3) is **GRANTED**. Plaintiff's request for bi-weekly accountings is currently **DENIED**, but may be raised at later proceedings.

A corresponding Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| COVERTECH FABRICATING, INC., | ) | Case No. 3:17-cv-196 |
|---|---|---|
| | ) | |
| | ) | JUDGE KIM R. GIBSON |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TVM BUILDING PRODUCTS, INC.; TVM | ) | |
| INDUSTRIES, INC.; TVM FOAM SYSTEMS, INC.; | ) | |
| TVM INSULATION, INC.; TVM SEALANTS, | ) | |
| INC.; TVM MANUFACTURING, INC.; TVM | ) | |
| HOLDINGS USA, INC.; TVM HOLDINGS, INC.; | ) | |
| TVM CANADA, INC.; MITEX INTERNATIONAL, | ) | |
| INC.; MITEX BUILDING PRODUCTS, LLC; | ) | |
| MITEX FOAM SYSTEMS, LLC; MITEX | ) | |
| MANUFACTURING, LLC; MITEX GROUP, INC., | ) | |
| MICHAEL BOULDING, SEAN BOULDING, and | ) | |
| WILLIAM TROTTERS, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

NOW, this 26th day of October 2017 at  12:07  p.m., upon consideration of Plaintiff Covertech Fabricating, Inc.'s Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3) and for the reasons and findings set forth in the Memorandum Opinion accompanying this Order, it is **ORDERED** that Plaintiff Covertech Fabricating, Inc.'s Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3) is **GRANTED IN PART** and **DENIED IN PART**.

The Court finds that, pursuant to Federal Rule of Civil Procedure 65(b)(1), Plaintiff has provided (1) specific facts in its Verified Complaint to show that immediate and irreparable harm will result to Plaintiff before the adverse party can be heard in opposition and (2) a written

certification of the efforts made to give notice and the reasons why notice should not be required. The Court also finds that Plaintiff has demonstrated (1) a *prima facie* case of success on the merits of its claims asserted in its Verified Complaint, (2) that Plaintiff will suffer immediate irreparable harm if a TRO is not entered, (3) that Defendants will suffer, little if any, harm if a TRO is entered, and (4) that a TRO is in the public interest. Accordingly, the Court **HEREBY ORDERS**:

(1) Defendants—along with their officers, directors, principals, agents, representatives, servants, employees, affiliates, successors, or assigns, and any person or entity acting on their behalf, in concert with, or in participation with them—are **TEMPORARILY RESTRAINED** from transferring, assigning, conveying, encumbering, pledging, or otherwise disposing of any interest in real, personal, or intangible property, outside the ordinary course of business or ordinary use to pay household or other living expenses without approval of this Court.

(2) A hearing on Plaintiff's request for a preliminary injunction will be conducted on **November 8, 2017 at 9:30 a.m.** in Courtroom A of the United States Courthouse, 319 Washington Street, Johnstown, PA 15901.

(3) Defendants shall file their opposition briefs, if any, no later than **November 3, 2017 at 5:00 p.m.**

(4) Plaintiff shall post bond of $100.

(5) Plaintiff shall serve Defendants with Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3), Plaintiff's Brief in Support thereof (ECF No. 4), Plaintiff's Verified Complaint (ECF No. 1), and this Memorandum Opinion on or before **October 30, 2017.**

(6) This Order expires on **November 8, 2017 at 11:59 p.m.**, unless before that time, the Court, for good cause, extends it. *See* Fed. R. Civ. P. 65(b)(2). Additionally, if Defendants place $5,452,397 in escrow or otherwise post adequate security in favor of Plaintiff and provides proof thereof to Plaintiff and the Court, this Order shall be dissolved by order of court.

BY THE COURT:

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**